**Lynn D. FRENCH, suing through his parent James H. French, et al., Plaintiffs-Appellants,**

v.

**Emmett W. BASHFUL, in his capacity as Dean of Southern University in New Orleans, et al., Defendants-Appellees.**

No. 28519.

United States Court of Appeals, Fifth Circuit.

March 23, 1970.

Rehearing Denied and Rehearing En Banc Denied April 27, 1970.

---

2. The trial was before the court without a jury.

Robert Glass, New Orleans, La., for appellant.

Jack P. F. Gremillion, Atty. Gen., Harry P. Howard, Asst. Atty. Gen., William P. Schuller, 2nd Asst. Atty. Gen., New Orleans, La., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

On February 17, 1970, this court denied the appellees' motion to dismiss this appeal, but granted counsel an extension of time in which to file reply briefs. Counsel were also ordered to file a statement of facts as to actions taken subsequent to the entry of the decree under review, accompanied by affidavits and counter-affidavits, in order that the court might be apprised of the pertinent facts upon which a determination as to mootness could be made. Those briefs and affidavits have been filed and forwarded to the court, and on the basis of those papers and the briefs previously on file, we reconsider the motion to dismiss the appeal.

The appellants (students) complain of their suspension from Southern University in New Orleans following hearings held before the Discipline Committee in May and June of 1969. The students filed this action on August 15, 1969, alleging (1) that they were denied procedural due process before the University Discipline Committee hearings, and prayed for injunctive relief pursuant to 42 U.S.C. Sec. 1983; and (2) that the suspensions were unconstitutional because the students were charged under regulations which were vague, overbroad, and did not cover the activities for which they were charged, and prayed for a declaratory judgment under 28 U.S.C. Secs. 2201, 2202.

As to the first cause of action, it is clear that the issue of procedural due process is moot. The district court held that the May-June hearings were invalid and ordered new hearings. French v. Bashful, 303 F.Supp. 1333 (E.D.La. 1969). The records reveal that new hearings were held in October and November of 1969, and that on December 2, 1969, the Discipline Committee again suspended or expelled a number of the plaintiffs. A motion to the district court for further injunctive relief, based upon the latter hearings, was denied. However, the court suggested a separate suit, and the plaintiffs filed that suit on February 2, 1970. On February 17, 1970, the court granted the requested injunction and ordered new hearings.

Since a third set of hearings is now in the offing, and since the plain-

tiffs have been granted the requested injunctive relief at each stage, the question of whether the first hearings were procedurally defective is not only moot, it is nonappealable—the plaintiffs are not parties aggrieved, and the defendants admit the illegality of those hearings.

With regard to the second cause of action—the declaratory judgment issue—there is nothing in the record to indicate that the district judge has reconsidered his determination on the merits of the second cause of action that the regulations are not unconstitutionally vague. That issue is therefore ripe for appeal.

■ However, the court does not believe that the interests of justice would be served by considering that issue at this time. The decision of the Discipline Committee following the third set of hearings will have a direct bearing on whether the plaintiffs will wish to pursue the vagueness issue, for the obvious reason that the Committee might revoke the suspensions. But even if it does not, the district court might find (in the separate suit) that the students were accorded procedural due process, thus making the students parties aggrieved as to that set of hearings. Moreover, further cases may yet be filed, and further hearings ordered.

Until such time as the procedural due process issue is finalized, one way or the other, this appeal will be dismissed without prejudice to the plaintiffs to renew the vagueness issue at that time. If the procedural due process issue, based on a hearing in the future, is again raised in a separate appeal, this appeal and that separate appeal may be consolidated for final disposition. See Rule 3(b) FRAP. If the procedural due process issue is decided in a manner such that neither party desires an appeal, the appellees shall, in their motion to reinstate the appeal on the vagueness issue, file accompanying affidavits similar to those ordered by this court on February 17, 1970.

It is therefore ordered that the appellees' motion to dismiss the appeal as moot with regard to the appellants' first cause of action is granted with prejudice.

It is further ordered that the appellees' motion to dismiss the appeal with regard to the appellants' second cause of action is granted without prejudice to renew the issue at a later date.

### On Reconsideration of Motion to Dismiss

PER CURIAM:

On reconsideration of the appellees' motion to dismiss the instant appeal, this court recently granted the motion with regard to the appellants' first cause of action, the court holding that the question of whether certain hearings before the University Discipline Committee in May and June of 1969 were violative of procedural due process was moot. French v. Bashful, 425 F.2d 182 (5th Cir., March 23, 1970).

The appellants have now filed a motion pursuant to Rule 8, FRAP, for an injunction pending appeal to prohibit the University from holding further disciplinary hearings against them until the merits of their appeal with regard to the second cause of action are decided.

We find no merit in the appellants' motion, for three reasons: (1) the appellants' reasons given for the need for an injunction are insufficient; (2) the requested injunction would delay, if not prevent, this court from reaching the merits of the second cause of action at some date in the future; and (3) we decline to prejudge the prejudice vel non of the faculty tribunal. The motion for an injunction pending appeal is accordingly denied.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC OF THIS COURT'S ORDER OF MARCH 23, 1970

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled

on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is denied.