Steve SOUTHERN, Individually and Leta Southern, Individually and as Next Friend of Steve Southern, on behalf of themselves and all others similarly situated

v.

The BOARD OF TRUSTEES FOR the DALLAS INDEPENDENT SCHOOL DISTRICT, Nolan Estes, Superintendent, Wayne Pierce, Principal, and Dwaine Dawson, Vice-Principal of Woodrow Wilson High School, individually and in their official capacities.

Civ. A. No. 3–4160–C.

United States District Court,
N. D. Texas,
Dallas Division.

Oct. 6, 1970.

**356**

Dallas Legal Services Project, Andrew Monson, Sylvia M. Demarest and James A. Johnston, Dallas, Tex., for plaintiffs.

Spafford, Freedman, Hamlin, Gay & Whitham, by Warren Whitham, Dallas, Tex., for defendants.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, JR., District Judge.

Plaintiffs Steve Southern and his mother, Leta Southern, as next friend, bring this suit as a class action against the Dallas Independent School District et al. because Steve was denied admission to the Woodrow Wilson High School due to the length of his hair. The plaintiff alleges that this refusal on the part of the defendants violated his rights under the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution. He invokes the jurisdiction of the court under 28 U.S.C. §§ 1331, 1343, 2201, and 2202 and asks the court to vindicate his rights under 42 U.S.C. §§ 1981, 1983, 1989, and 1975. Specifically, he seeks a temporary restraining order and temporary and permanent injunction restraining the defendants from continuing to refuse him and all those similarly situated admission to school because of the length of their hair. Plaintiff further requests the court to declare the dress code of Woodrow Wilson High School unconstitutional on its face regarding the portion relating to the length of students' hair and the existence of facial hair. Additionally, the plaintiff asks that Section 21.301 of the Texas Education Code be declared unconstitutional because of vagueness and overbreadth. Plaintiff also asks that any record of disciplinary action taken due to this incident be ex-, punged from his school file and that he be awarded money damages.

On the day before Plaintiff Steve Southern was to enroll, Dwaine Dawson, the Assistant Principal, told him that he would not be allowed to enroll because of the length of his hair. On September 8, 1970, Steve did attempt to enroll but was told by defendant Wayne Pierce, Principal, that he would not be allowed to enroll until he had complied with the dress and grooming code.

The plaintiff alleges that during the spring of 1970 he was an alternate member of the dress code committee and that that committee passed a dress code which would have made the length of the plaintiff's hair acceptable for enrollment.[1] However, during the summer of 1970 that dress code was disapproved by the defendant Board of Trustees. In his testimony Nolan Estes, Superintendent of the Dallas Independent School District, said the Trustees rejected that 1969–1970 grooming and dress code because it failed to be specific enough in terms of giving directions that high school students could follow, because it was not coordinated with the dress code of J. L. Long Junior High School located on the same campus, and because it was not approved by the school attorney.

Defendant Pierce testified that he was appointed to be the principal of Woodrow Wilson High School during the summer of 1970; that after his appoint-

---

1. Defendants' Exhibit #1—"Woodrow Wilson Dress and Grooming Guidelines * * * 1. Head and facial hair must be clean, trim and not obscure vision * * * "

ment he undertook to have the advisory committee enact a new dress and grooming code in accordance with guidelines promulgated by the Dallas Independent School District.[2] In accordance with those guidelines Mr. Pierce stated that he contacted the teachers and parents who were appointed to the committee and contacted the president of the student council asking her to inform all of the student committee members that there would be a meeting for the purpose of adopting a new dress and grooming code. Because some of the student members had either already graduated or could not be located, several of the alternates were selected to fill the vacancies. Plaintiff Steve Southern was one of these alternates. New dress and grooming standards were adopted.[3] It is undisputed that Steve Southern's hair style does not conform to this dress code in that it falls well below his ears and shirt collar.

After being denied admittance, the plaintiff requested and received a hearing before the Administrative Assistant for Student Affairs.[4] The principal's

2. Plaintiff's Exhibit C

*"Student Dress and Personal Grooming*

The Dallas Independent School District recognizes the importance of encouraging high standards in dress and personal grooming. To this end, it shall be the responsibility of the principal to cause these guidelines to be developed governing appropriate student dress and hair styles. Attire or hair styles which present a "clear and present" danger to the student's health and safety, cause interference with work, are disruptive to orderly school processes, or that cause excessive maintenance problems are prohibited.

Within this framework, each individual school shall adopt specific standards concerning dress and personal grooming. Each principal is directed to establish a committee each year for the purpose of formulating and reviewing dress and personal grooming standards for the school. The committee at each junior and senior high school should be composed of students, parents, teachers, and the principal. The student leadership body of each school should devise a method for selecting students to the committee which will result in all points of view being represented.

When junior and senior high schools are adjacent to one another or share a common campus, every effort should be made to assure compatability between the respective dress codes.

At each elementary school, the principal should appoint a representative group of parents and teachers to advise him in formulating the standards.

Copies of the standards that are adopted by each committee shall be submitted to the General Superintendent. If he approves, he shall submit them to the attorneys for their review and then copies will be distributed to all parents and students."

3. *"GROOMING*

*Hair* Hair should be clean, combed and top of normal dress shirt collar length in back, with eyes and ears visible. No type of head band or head covering should be worn in building.

*Sideburns* Sideburns may be worn to the corner of the jaw provided they are neatly trimmed and combed and uniform.

*Beards* Mutton chops and beards may not be worn.

*Mustaches* Boys should be clean shaven. Mustaches are approved provided they are neat and trimmed. Extreme examples not acceptable."

4. "(d) Any student or his parent or guardian who wishes to appeal shall notify the principal in writing of his intention to appeal within seven calendar days. The principal shall immediately notify the Administrative Assistant-Student Affairs who will arrange a time for hearing the appeal. Such notification to the Administrative Assistant-Student Affairs shall include or be immediately followed by a letter from the principal containing a complete description of the student's conduct, including all offenses and dates, any pertinent supplemental information and a recommendation for disposing of the case. The Administrative Assistant-Student Affairs shall notify the student and the parent or guardian of the time and place of hearing. The hearing shall be held within seven days from the date the student or parent or guardian notifies the principal of his intention to appeal, unless the parent or guardian agrees to an extension.

"(e). At the hearing on appeal, the Administrative Assistant-Student Affairs shall confer with the principal and the student and his parents or guardian and determine whether the student shall be

decision not to admit Steve was affirmed and Steve was not allowed to enroll pending a further appeal to the Board of Education. The plaintiff then requested a hearing before the Board of Trustees but it was never scheduled because shortly after requesting the hearing, the plaintiff filed this suit.

■ As causes of action the plaintiff alleges that he was denied due process under the Fourteenth Amendment because he was not allowed to remain in school pending a hearing and because there were no provisions for any type of adversary hearing with counsel and an impartial adjudicator. This court cannot agree. The hearing held and the opportunity to appeal its decision were full and fair. The notes of the hearing reveal that the plaintiff was in fact represented by his attorney, Mr. Monson, at the hearing and was accompanied by his mother. The notice given appears to be sufficient. An adversary hearing under the circumstances here is not necessary under the due process requirement of the Fourteenth Amendment. As was stated in Jackson v. Dorrier, 424 F.2d 213, 217 (6th Cir. 1970):

> " 'To hold that the relationship between parents, pupils, and school officials must be conducted in an adversary atmosphere and accordingly the procedural rules to which we are accustomed in a court of law would hardly best serve the interests of any of those involved.' "

■ Plaintiff asks the court to declare the regulation on hair unconstitutional because it violates plaintiff's freedom of speech and expression under the First Amendment, because it violates his right of privacy, and because it is overbroad in that there is no reasonable relation between it and the maintenance of the educational system. The Court does not find that the plaintiff's right of privacy has been unconstitutionally invaded. Jackson v. Dorrier, *supra*; Pritch-

ard v. Spring Branch Independent School District, 308 F.Supp. 570 (S.D. Tex.1970). As to the plaintiff's allegation that the regulation violates his rights of self-expression, the court will assume without deciding that a hair style is a constitutionally protected mode of expression. See Ferrell v. Dallas Independent School District, 392 F.2d 697 (5th Cir. 1968) cert. denied 393 U.S. 856, 89 S.Ct. 98, 21 L.Ed.2d 125 (1968). The question then becomes whether the state can prohibit this type of expression under the circumstances. As set out in Griffin v. Tatum, 425 F.2d 201, 203 (5th Cir. 1970), "The touchstone for sustaining such regulations is the demonstration that they are necessary to alleviate interference with the educational process."

As part of the evidence offered in this case the plaintiff and two other student witnesses testified that they did not think long hair was disruptive of the educational process. The defendants' witnesses, however, had another story to tell. Mr. Monty Boren, the Assistant Principal at Woodrow Wilson High School last year, testified that trouble often arose because of excesses of long hair and cited an incident where one group of individuals had planned to "take care of" any long-haired boys but that he headed the trouble off by talking to the individuals involved. The plaintiff himself, Steve Southern, testified that he had been informed that if a dress code was enacted prohibiting long hair a group of individuals would ban together as sort of a "White Panther" organization to protect the longhairs. At the dress code meeting Steve Southern, in his capacity as an alternate member, informed the committee of this group and that they were talking about burning down the athletic complex as a sign of their protest.

Mr. Wayne Pierce, the principal, testified that in his opinion, long hair was distracting and disruptive of the educa-

---

suspended for more than three school days or be reinstated." p. 5114 Students Suspension Procedures—Revised August

24, 1970 Administrative Policies and Procedures, Dallas Independent School District.

tional process. He cited an example where some boys tried to get a long-haired boy down on the ground and cut off his hair. He also stated that there were numerous disturbances in the classroom attributable to boys wearing long hair. Dr. Nolan Estes testified that in his capacity as Superintendent of the Dallas Independent School District he has found that extremes in dress and hair style, such as that worn by Steve Southern, were disruptive and that they materially and substantially interfered with the work of the schools and the rights of individuals to get a quality education in those schools. Specifically, he stated that teachers complain that boys with long hair distract by frequently combing their hair in class, that long-haired boys attract excessive amounts of attention in the classroom, that excesses in hair style often divide a student body producing an antagonism that frequently leads to physical harm and violence, and that these excesses destroy the morale and pride persons have in their school and that without this esprit de corps performance and achievement suffer significantly.

■ In view of the evidence offered, this court cannot say that the regulation regarding the length of boys' hair is arbitrary, unreasonable, or an abuse of discretion. The grooming regulations appear to be reasonably necessary to ensure the effective operation of the school and promote the discipline and decorum of its students. Ferrell v. Dallas Independent School District, *supra*; Davis v. Firment, 408 F.2d 1085 (5th Cir. 1969); Wood v. Alamo Heights Independent School District, 308 F.Supp. 551 (W.D. Tex.1970); Whitsell v. Pampa Independ-

ent School District, 316 F.Supp. 852, (N.D.Tex.1970.)

■ Plaintiffs also ask this court for a declaratory judgment that Section 21.-301[5] of the Texas Education Code be held unconstitutional for vagueness and overbreadth. It is true that this provision does not define "incorrigible conduct", but the courts have supplied this omission with a definition consistent with that found in Tex. Educ. Code Ann. § 21.302.[6] Schwartz v. Galveston Independent School District, 309 F.Supp. 1034, 1045 n. 10 (S.D.Tex.1970). With the aid of this judicial gloss, the statute need not fall because of vagueness or overbreadth. Plaintiff has persistently refused to conform to the dress and grooming regulations that this court has already said are reasonable.

■ This court also finds that the defendants' refusal to admit plaintiff to school because he refuses to conform to the dress and grooming code is not cruel and unusual punishment.

■ The defendants initially raised the issue that plaintiff's complaint was not properly before this court in that it is not a proper cause of action under 42 U.S.C. §§ 1981 et seq. The court disagrees. See the District Court opinion in Ferrell v. Dallas Independent School District, 261 F.Supp. 545 (N.D.Tex. 1966).

■ Plaintiff brought this suit as a class action, but the court finds that this action does not come within the provisions of Rule 23, Federal Rules of Civil Procedure, and therefore shall not be maintained as a class action. There is no basis for a finding that the class is composed of so many individuals that intervention would be impractical. There

---

5. § 21.301. Suspension of Incorrigible Pupil
   The board of trustees of any school district may suspend from the privileges of the schools any pupil found guilty of incorrigible conduct, but such suspension shall not extend beyond the current term of the school.

6. § 21.302 Proceedings in juvenile court
   The school attendance officer shall proceed in juvenile court against any child

within the compulsory school attendance age who is reported to him as being insubordinate, disorderly, vicious, or immoral in conduct, or who persistently violates the reasonable rules and regulations of the school which he attends, or who otherwise persistently misbehaves in such a manner as to render himself incorrigible.

has not even been a showing that there is anyone in addition to Steve Southern who is being refused admission because he has not complied with the dress and grooming code. In the words of the court in William Goldman Theatres, Inc. v. Paramount Film Dist. Corp., 49 F.R. D. 35, 39 (E.D.Pa.1969),

"Thus, any determination by this Court that the class is numerous enough to require a class action would be mere speculation. Plaintiff has failed to establish the size of the class as well as whether the class is so large as to practically preclude intervention."

In addition, there has been no showing that the questions of fact and of law concerning the members of the class, if in fact there are any other members of the class, are the same as those presented by the plaintiff in this case.

It is therefore ordered, adjudged, and decreed by the Court that this action shall not be maintained as a class action.

It is further ordered, adjudged, and decreed by the Court that the Plaintiffs' application for temporary injunction be and the same is hereby denied.