**Lee PERVIS, by his next friend Mrs. Elvin Pervis, et al., Plaintiffs-Appellants,**

v.

**LaMARQUE INDEPENDENT SCHOOL DISTRICT et al., Defendants-Appellees.**

No. 71-3434.

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1972.

---

Nathaniel R. Jones, NAACP, James I. Meyerson, New York City, E. Brice Cunningham, Dallas, Tex., for plaintiffs-appellants.

I. Allen Lerner, LaMarque, Tex., Stanley D. Baskin, Baskin, Fakes & Stanton, Pasadena, Tex., for defendants-appellees.

Crawford Martin, Atty. Gen. of Tex., James C. McCoy, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., J. C. Davis, Asst. Atty. Gen., Austin, Tex., for intervenors-appellees.

Before JOHN R. BROWN, Chief Judge, and RIVES and CLARK, Circuit Judges.

RIVES, Circuit Judge:

Again we are asked to intervene in a school discipline case. Two issues are presented on appeal: Whether a three-judge district court is required to hear appellants' cause; and whether procedural due process is satisfied when students who have been suspended from February to the end of the term are not given a hearing until early May. We agree with the district court, 328 F. Supp. 638, that no three-judge court was required. However, we reverse the decision below, holding that the subsequent hearing does not cure the initial lack of due process.

During the 1970–71 school term Lee Pervis and Catherine McGrue were enrolled in the eleventh grade at LaMarque Independent High School in LaMarque, Texas. After repeated infractions of school rules relating to tardiness, missing of classes, disruption of classes, disobedience, etc., Pervis and McGrue were suspended for the balance of the school term on February 9 and 16, respectively. In a letter dated February 9, 1971, the principal informed Pervis' mother of his suspension. Enclosed in that letter was a memorandum from the principal to the superintendent of the school district which detailed the specific infractions allegedly committed by Pervis. There was no mention of any right to a hearing or to an appeal of the decision. In a letter dated February 15, 1971, McGrue's mother, Mrs. Jackson, was informed of McGrue's suspension for the balance of the term. The letter did not explicate the charges against McGrue. It did state that "if you [Mrs. Jackson] feel there is further evidence you wish to present in opposition to the suspension please contact me immediately. Further, if you feel the suspension is unjustified you may appeal to the LaMarque Board of Trustees."

With respect both to Pervis and to McGrue no hearing was afforded prior to imposition of the suspension. Only Mrs. Jackson was informed of a right to appeal. Rather than seek relief within the school hierarchy Pervis and McGrue, through their mothers as next friends, filed this suit in federal district court on April 22, 1972. On April 27 the district court refused an order temporarily restraining the appellees from continuing to exclude Pervis and McGrue from school. However, the court did "suggest" that a hearing be conducted by the school authorities at which Pervis and McGrue could defend themselves. That hearing was held on May 4, 1971, at the close of which the Board of Trustees unanimously voted "that the actions and decisions of the principal and the administration be affirmed" with respect to the suspensions of both students. (Hearing Transcript at 197.)

Pervis and McGrue allege that they were disciplined pursuant to Texas Education Code, § 21.301, V.T.C.A., which provides:

> "The board of trustees of any school district may suspend from the privileges of the schools any pupil found guilty of incorrigible conduct, but such suspension shall not extend beyond the current term of the school."

In district court the appellants claimed that section 21.301 is unconstitutionally vague in failing adequately to define the term "incorrigible" and that it violates procedural due process in failing affirmatively to require a hearing prior to imposition of a suspension. They sought an injunction against enforcement of the statute, requesting that a three-judge district court be convened pursuant to 28 U.S.C. §§ 2281, 2284. Moreover, appellants contended that the hearing afforded on May 4, 1971, did not serve to remove the taint resulting from the school's failure to grant them a hearing prior to imposing the suspensions.

The district judge held that a three-judge court is not required because, *inter alia*, there is no substantial question as to section 21.301's constitutionality. Furthermore he concluded that the hearing conducted on May 4 adequately protected appellants' procedural due process rights.

## I. The Three-judge Court Issue

Appellees contend that a three-judge district court is not required in this case because Pervis and McGrue were not suspended under direct authority of section 21.301 but rather pursuant to a school disciplinary regulation promulgated under authority of Texas Education Code, § 23.26.[1] Appellees argue that the

---

1. Section 23.26 provides in relevant part:
   "(b) The trustees shall have the exclusive power to manage and govern the public free schools of the district.

   \* \* \* \* \*

   "(d) The trustees may adopt such rules, regulations, and by-laws as they may deem proper."

school regulation does not rise to the level of a state statute or administrative order of state-wide application and that hence no three-judge court need be empaneled. Without reaching the issue whether Pervis and McGrue were punished for violating section 21.301 or the school regulation in question, we hold that a three-judge court is not required. For even assuming that section 21.301 was the source of authority under which appellants were disciplined a three-judge court is not appropriate because there is no substantial question as to the statute's constitutionality.[2]

Pervis and McGrue remark two constitutional infirmities in section 21.301: (1) The term "incorrigible" is vague; and (2) the statute fails to require a hearing prior to imposition of a suspension. We find both challenges to be insubstantial.

■ (1) Although the word "incorrigible" is not defined within the four corners of section 21.301, when that statute is read, as it must be, in *pari materia* with Texas Education Code, § 21.302 the term is adequately fleshed out. Section 21.302 provides in relevant part:

> " * * * any child within the compulsory school attendance age who is * * * insubordinate, disorderly, vicious, or immoral in conduct, or who persistently violates the reasonable rules and regulations of the school which he attends, or who otherwise persistently misbehaves in such a manner as to render himself an incorrigible."

*See* Schwartz v. Galveston Independent School District, S.D.Tex.1970, 309 F. Supp. 1034, 1045 n. 10; Southern v. Board of Trustees for Dallas Ind. Sch. Dist., N.D.Tex.1970, 318 F.Supp. 355, 359; Bishop v. Houston Independent School Dist., Ct.App.Tex.1930, 119 Tex. 403, 29 S.W.2d 312.

■ (2) Similarly we cannot accept appellants' argument that section 21.301 is unconstitutional in that it fails to require a hearing. First, we do not agree that the statute completely omits reference to a hearing. The statute provides that a student may be suspended when he is "found guilty of incorrigible conduct." The phrase "found guilty" implies that some type of hearing was contemplated by the framers of the statute.

■ Second, it is now settled that the quantum and quality of procedural due process to be afforded a student varies with the seriousness of the punishment to be imposed.[3] Assuming that section 21.301 is the sole source of power upon which Texas school officials can rely in suspending ill-behaved students, the Constitution requires only that the rules and regulations promulgated by school authorities be drawn with the necessary precision to require a hearing when the punishment to be imposed is serious enough to warrant such.[4] But if a particular school district fails in that task, a three-judge court is not required to enjoin enforcement of a valid state law, the application of which becomes unconstitutional for lack of a valid local regulation. Appellants' claim in this case—that they were suspended under

---

2. It was early settled that, although an injunction is sought against a state statute of state-wide application, a three-judge district court is not required to hear the case where there is no substantial question as to the statute's constitutionality. Ex parte Poresky, 1934, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. See also Bailey v. Patterson, 1962, 369 U.S. 31, 33, 82 S.Ct. 549, 7 L.Ed.2d 512.

3. Dixon v. Alabama State Bd. of Educ., 5 Cir. 1961, 294 F.2d 150; Dunn v.

Tyler Ind. School Dist., 5 Cir. 1972, 460 F.2d 137; Farrell v. Joel, 2 Cir. 1971, 437 F.2d 160; Wright, The Constitution on the Campus, 22 Vand.L.Rev. 1027, 1060–62 (1969).

4. If school authorities did not possess the power to promulgate such rules and regulations pursuant to section 21.301 or otherwise, they were so authorized by section 23.26, Texas Code Annotated, quoted n. 1, *supra.*

authority of section 21.301 without adequate procedural due process—amounts to no more than an allegation that the school officials administered a valid statute (section 21.301) in an unconstitutional manner. In that light a three-judge district court is not required. *E. g.*, Phillips v. United States, 1941, 312 U.S. 246, 61 S.Ct. 480, 85 L.Ed. 800; Ex parte Bransford, 1940, 310 U.S. 354, 361, 60 S.Ct. 947, 84 L.Ed. 1249; and cases cited at 1 Barron & Holtzoff, Federal Practice & Procedure § 52 n. 98.1 (Wright ed. 1970); C. Wright, Law of Federal Courts 190 (1970 ed.).

## II. The Procedural Due Process Issue

■ In Dixon v. Alabama State Bd. of Education, 5 Cir. 1961, 294 F.2d 150, we held that a student must be given a fair hearing before he may be expelled from school. In that case we outlined the fundamentals of procedural due process in the school discipline context. Among the basic guarantees are the right to be heard in one's own defense and the right to be given notice of the charges. It seems to us that an even more basic tenet of due process is the notion that punishment cannot be imposed before a hearing is given.

■■ As with every general rule, of course, there are exceptions. When the punishment to be imposed is minimal, full compliance with the requisites outlined in *Dixon* is not required. See note 3, *supra*. Moreover it may be that a student can be sent home without a hearing for a short period of time if the school is in the throes of violent upheaval. But even in such a case, a hearing would have to be afforded at the earliest opportunity. *Cf.* Dunn v. Tyler Independent School Dist., 5 Cir. 1972, 460 F.2d 137. In this case there was no violence prevalent at LaMarque High School when Pervis and McGrue were suspended, nor were they given a hearing at the earliest opportunity.

■ Clearly, appellants were entitled to a fair hearing and to notice of the charges as mandated by *Dixon*. They were suspended from February until May 4 without compliance with any of the above procedures. In Williams v. Dade County School Board, 5 Cir. 1971, 441 F.2d 299, this Court determined that suspensions of 10 plus 30, or 40 days are serious enough to warrant *Dixon*-like procedures. Here the suspensions imposed were more severe than those at issue in *Williams*.

■ In short, the district court erred in stating that, in the context of this case, "the absence or deficiency of an initial hearing may be cured by a valid subsequent hearing * * *." Pervis v. LaMarque Independent School District, S.D.Texas 1971, 328 F.Supp. 638, 645. The dangers inherent in the district court's approach are obvious. Suppose at the subsequent hearing that appellants had been vindicated. How, then, could they have been made whole? They would have lost some 3 months of education. This result cannot obtain. Procedural due process must, on the facts present in this case, be given prior to imposition of serious suspensions.

At the May 4 hearing the Board of Trustees did not attempt to impose any new punishment. All it did was to affirm the earlier action of the school principal. Hence we are not faced with the contention that even if the February suspensions were invalid the students could have been suspended on May 4. Moreover it would be inappropriate to permit the school authorities to impose an entirely new punishment. The 1970–71 school term has long passed, and the provisions of section 21.301 would limit the Trustees' power to suspending Pervis and McGrue for the balance of a now expired school term.

For the reasons stated the judgment is reversed, and the district court is instructed to enter an order requiring that the school records of Pervis and McGrue be expunged of any reference to the suspensions at issue in this case.

Reversed and remanded.