470 F.2d 957
 BLACK STUDENTS OF NORTH FORT MYERS JR.-SR. HIGH SCHOOL ex
rel. et al., Plaintiffs-Appellees,
v.
Ray L. WILLIAMS, Superintendent of the Lee County School
Board of Public Instruction, et al.,
Defendants-Appellants, State of Florida
Board of Education,
Intervenor-Appellant.
 No. 72-1667.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 27, 1972.
 
 Emmet B. Anderson, Fort Myers, Fla., for Williams & Lee County Sch. Bd.
 Rivers H. Buford, Jr., Gen. Counsel, Charles E. Miner, Jr., Counsel, Tallahassee, Fla., Herbert D. Sikes, Tallahassee, Fla., for State Bd. of Ed., Stanley D. Kupiszewski, Jr., special Counsel to the State Bd. of Ed., Tallahassee, Fla.
 Fredricka G. Smith, Homestead, Fla., John B. Platt, III, Anthony Diamond, Fort Myers, Fla., Spencer L. Smith, Homestead, Fla., David M. Cherry, William J. Manikas, Pompano Beach, Fla., for plaintiffs-appellees.
 Before MORGAN, CLARK and INGRAHAM, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue on this appeal is whether a Florida public school student may be suspended from school for ten days without a prior hearing.[1] The district court, 335 F.Supp. 820, held that due process requires a hearing prior to a suspension for a substantial period of time, and the court reasoned that ten days was such a period of time. We agree and the judgment of the district court is therefore Affirmed.
 
 
 2
 On oral argument appellants asserted that the district court's order prevented them from ever suspending a student without a prior hearing.[2] While we do not read the order as so holding, the following statement from our recent opinion in Pervis v. LaMarque Ind. Sch. Dist., 466 F.2d 1054 (5th Cir., 1972) [No. 71-3434, September 19, 1972], should relieve appellants' fears:
 
 
 3
 "When the punishment to be imposed is minimal, full compliance with the requisites outlined in [Dixon v. Alabama State Board of Education, 249 F.2d 150 (5th Cir., 1961)] is not required." Pervis, 466 F.2d at 1058.
 
 
 4
 Even more pointedly, Pervis, in dicta, explains that there may be situations [such as when the school is in the "throes of a violent upheaval"] which would warrant removal of a student from the premises of the institution without a hearing. We here amplify this suggestion by affirming that where the presence of a disruptive student or group of students interferes with the orderly discharge of normal school functions, such student or group disruption can be ended forthwith by immediate ejectment. Such action to restore order or to permit the institution to discharge its educational purposes can not properly be classified as punishment at all. However, in such temporary suspension situations the school officials must act to offer the student a meaningful hearing at the earliest reasonable opportunity unless of course, no definite period of suspension or other disciplinary action exceeding minimal punishment is to be imposed.
 
 The judgment of the district court is
 
 5
 Affirmed.
 
 
 
 [1]
 Fla.Stat. Sec. 232.26, F.S.A. provides in pertinent part: ". . . The principal may suspend a pupil for willful disobedience . . . provided . . . that no one suspension shall be for more than ten days. . . .". What we here decide has nothing to do with who may exercise the power to suspend, but how such suspension may be imposed
 
 
 [2]
 The appellees, as the following statement from their brief indicates, do not so interpret the district court's order:
 "Mindful of the need to balance the interest of the student and the state within the educational process, a reasonable man understands that there may arise situations where summary sanctions may need to be imposed against the disruptive student." Appellees' brief at 12.