## IN THE MATTER OF LITTON

1. CRIMINAL LAW—PAROLE—VIOLATION—EVIDENCE.

Testimony that a person on parole left a restaurant with a person whom he then knew possessed a .22-caliber revolver was sufficient to establish a violation of a parole condition prohibiting him from being in the company of any person possessing a firearm.

2. CRIMINAL LAW — PAROLE — VIOLATION — HEARING — TESTI- MONY — HEARSAY.

Hearsay testimony received against a person on parole at a hearing to revoke his parole did not mitigate against a finding of parole violation where it was unnecessary that the charge involved be proven because another charge which constituted a parole violation had already been shown independently of the hearsay.

Original action in the Court of Appeals. Submitted Division 2 December 11, 1970, at Lansing. (Docket No. 9157.) Decided January 29, 1971.

Complaint in the Court of Appeals by John Thomas Litton against the Warden of Jackson Prison for a writ of *habeas corpus* to test legality of parole revocation proceedings. Writ denied.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur, Pardon, Reprieve, and Amnesty § 95.
Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

*Wilfred C. Rice,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for defendant.

Before: McGregor, P. J., and T. M. Burns and Andrews,* JJ.

Per Curiam. This matter is before this Court on petitioner's complaint for a writ of *habeas corpus.* He was convicted in the Recorder's Court in 1965 on a charge of assault with intent to do great bodily harm less than murder and sentenced to prison. On October 23, 1969, he was released on parole. On December 4, 1969, a parole violation warrant was issued charging him with having been in the company of a person possessing a deadly weapon and brandishing a weapon in a restaurant. After a hearing the parole board revoked his parole. He questions the action of the board upon the ground that a violation was not proved and the board failed to complete its hearing within 30 days after he was returned to prison.[1]

The statute requires that a hearing be conducted within the stated period. *Stewart* v. *Department of Corrections, Parole Board* (1969), 382 Mich 474, 479. The hearing was held on December 29, 1969. At this hearing he was represented by counsel and sworn testimony, including petitioner's, was taken showing that he left the restaurant with a female companion whom he then knew possessed a .22-caliber revolver. This testimony was sufficient to establish a violation of the parole condition prohibiting him from being in the company of any person possessing a firearm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 791.240a (Stat Ann 1970 Cum Supp § 28.2310[1]).

It thereupon became unnecessary to take further testimony with respect to the second alleged violation. Therefore, petitioner's claim that hearsay testimony was received concerning such alleged violation does not mitigate against the finding of the parole board concerning the proven violation.

The writ is denied.