COX, FORMER ASSISTANT DIRECTOR FOR
TREATMENT, VIRGINIA DIVISION OF
CORRECTIONS, ET AL. *v.* COOK

No. 74–751. Decided March 24, 1975

PER CURIAM.

This petition by officials of the Virginia prison system for a writ of certiorari arises out of a suit brought against them by an inmate of the Virginia State Penitentiary in which he alleged that on three occasions, between October 1968 and March 1970, he was placed in solitary confinement for misconduct without being given notice of the misconduct charged or an opportunity to meet the charge at a hearing,[1] in violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment; and in which he requested monetary damages and expunction of all records of the discipline.

---

[1] The suit was also based on a claim that an unidentified guard inflicted a beating on respondent. The Court of Appeals for the Fourth Circuit has sustained the District Court's holding that none of the petitioners was responsible for the beating, and respondent has not filed a cross-petition for a writ of certiorari.

A jury at a partial trial [2] found that respondent had in fact been placed in solitary confinement for misconduct without notice or a hearing. It also found that he had suffered mental but no physical damage. However, it made no finding with respect to the responsibility of any of the petitioners for his confinement. After offering respondent an additional opportunity to adduce further proof on this issue before a second jury, the trial judge ruled that respondent could recover nothing as the proof was insufficient to establish that petitioners had knowledge of or were responsible for respondent's confinement.

Respondent appealed and, without briefs or oral argument, the United States Court of Appeals for the Fourth Circuit, holding that the proof below *would* support a finding that petitioners were ultimately responsible for respondent's solitary confinement, reversed and remanded for further proceedings.

On petition for rehearing petitioners contended that the constitutional rule requiring notice and some kind of a hearing in connection with serious prison discipline determinations was created in *Wolff* v. *McDonnell,* 418 U. S. 539, in 1974, and was expressly made inapplicable to disciplinary action taken before the date of that decision. *Id.,* at 573–574. Thus even if respondent had proved that petitioners were responsible for his solitary confinement he could not, as a matter of law, obtain relief. The Court of Appeals denied the rehearing petition, saying that, in the district in which respondent was incarcerated, a federal decision predating *Wolff* v. *McDonnell, supra,* namely *Landman* v. *Royster,* 333 F.

---

[2] The trial judge was uncertain whether respondent was entitled to a jury trial. Counsel and the court agreed to obtain a jury's findings of fact on certain issues in the form of a special verdict, and to postpone decision whether a jury trial was warranted.

Supp. 621 (ED Va. 1971), required notice and a hearing in connection with serious prison discipline determinations. Petitioners contend here that *Landman* v. *Royster, supra,* was itself decided after the discipline determinations involved in this case and thus supplies no more basis for liability in this case than does *Wolff* v. *McDonnell.* We agree.

In *Wolff* v. *McDonnell, supra,* we held that a state prisoner was entitled under the Due Process Clause of the Fourteenth Amendment to notice and some kind of a hearing in connection with discipline determinations involving serious misconduct. However, we expressly rejected the holding of the Court of Appeals in that case that

> "the due process requirements in prison disciplinary proceedings were to apply retroactively so as to require that prison records containing determinations of misconduct, not in accord with required procedures, be expunged," 418 U. S., at 573;

and we expressly held our decision not to be retroactive. The holding was made in the context of a request for expunction of the records of prison discipline determinations. The same result obtains, *a fortiori,* to monetary claims against prison officials acting in good-faith reliance on a pre-existing procedure. See *Pierson* v. *Ray,* 386 U. S. 547 (1967). It is true that the United States District Court for the Eastern District of Virginia in *Landman* v. *Royster, supra,* anticipated in part the holding of this Court in *Wolff* v. *McDonnell, supra.* Even if this might bear on the retroactivity issue with respect to discipline determinations made in the Eastern District of Virginia after the decision in *Landman* v. *Royster, supra,* and before the decision in *Wolff* v. *McDonnell, supra,* the discipline determinations in this case all occurred before the decision in *Landman* v. *Royster,*

*supra.* Therefore, neither the rule announced in that case nor the one announced in *Wolff* v. *McDonnell, supra,* supports respondent's damage or expunction claims here.[3] Accordingly, the writ of certiorari is granted and the judgment of the Court of Appeals for the Fourth Circuit is

*Reversed.*

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.

---

[3] We do not regard the uncertain dicta in *Landman* v. *Peyton,* 370 F. 2d 135 (CA4 1966), which did predate the discipline determinations involved here, as laying down a rule binding on petitioners prior to the later decision in *Landman* v. *Royster,* 333 F. Supp. 621 (ED Va. 1971). These dicta were not mentioned or relied on by the Court of Appeals or respondent.