therefore grant certiorari, and since the judgment of the Court of Appeals for the Ninth Circuit was rendered after *Orito,* reverse. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear from the petition and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioner must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction has ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioner should be afforded a new trial under local community standards.

No. 74–751. Cox, FORMER ASSISTANT DIRECTOR FOR TREATMENT, VIRGINIA DIVISION OF CORRECTIONS, ET AL. *v.* COOK, 420 U. S. 734;

No. 74–5741. HARDWICK *v.* CALDWELL, WARDEN, 420 U. S. 996; and

No. 74–5810. MAY *v.* UNITED STATES, 420 U. S. 996. Petitions for rehearing denied.

No. 74–5793. PADILLA *v.* NEW MEXICO, 420 U. S. 937. Motion for leave to file petition for rehearing denied.

MAY 5, 1975

No. 74–1113. NATIONAL STEEL CARRIERS ASSN., INC. *v.* UNITED STATES ET AL. Appeal from D. C. E. D. Mich. dismissed under this Court's Rule 60.