PARSHAY v DEPARTMENT OF CORRECTIONS

PRISONS—PRISONERS—GOOD TIME—FORFEITURE OF GOOD TIME—CON
STITUTIONAL LAW—DUE PROCESS—NOTICE—HEARING—STAT
UTES.

The due process clause of the Fourteenth Amendment entitles a
state prisoner to notice and a hearing in connection with a
discipline determination by Department of Corrections authorities following serious misconduct by the prisoner, and after
June 24, 1974 these procedural requirements are applicable to
forfeiture of good time hearings before the State Parole Board;
however, a forfeiture of good time in 1966 by administrative
action of a prison warden taken in a proper manner under the
law at that time was not in violation of constitutional due
process requirements and the good time is not required to be
restored (US Const, Am XIV; MCLA 800.33).

Original action in the Court of Appeals. Submitted Division 2 March 3, 1975, at Grand Rapids.
(Docket No. 19374.) Decided on June 10, 1975.

Complaint by Fred Parshay against the Department of Corrections for mandamus to compel restoration of good time taken away from plaintiff by
defendant. Mandamus denied.

Michigan Legal Services Assistance Program (by
*Alan W. Houseman),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Jann C. Ryan,*
Assistant Attorney General, for defendant.

REFERENCES FOR POINTS IN HEADNOTE
60 Am Jur 2d, Penal and Correctional Institutions §§ 61, 62, 64.
Withdrawal, forfeiture, modification, or denial of good-time allowance to prisoner. 95 ALR2d 1265.

Before: D. E. Holbrook, P. J., and Bronson and
M. J. Kelly, JJ.

D. E. Holbrook, P. J. Plaintiff, a Marquette
Prison inmate proceeding in mandamus, initially
*in propria persona,* but now represented by ap-
pointed appellate counsel by order of this Court,
seeks an order from this Court requiring the De-
partment of Corrections to restore to him good
time forfeited by the department. GCR 1963,
714.1(1); MCLA 600.4401; MSA 27A.4401.

Plaintiff has a substantial prison record and is a
frequent litigant in this Court. His appellate pro-
ceedings are summarized in *Parshay v Warden of
Marquette Prison,* 30 Mich App 556; 186 NW2d
859 (1971).

While an inmate in Jackson State Prison on
June 25, 1966, plaintiff was involved in a fight
with prison officers. Subsequently, he was con-
victed of felonious assault arising out of that fight
in Jackson County Circuit Court. On September
27, 1966, he was sentenced to a 2 year, 10 month
to 4 year sentence to be served consecutively to
the sentences he was then serving. On October 5,
1966, the prison warden administratively forfeited
2 years, 8 months and 24 days of plaintiff's accu-
mulated good time pursuant to the statute autho-
rizing such forfeiture, MCLA 800.33; MSA 28.1403.

Under said statute and administrative regula-
tion, BCF Regulation #10 (dated March 1, 1966),
such forfeiture was initiated by the prison warden.
No hearing was held in this instance, and that
omission is the basis of plaintiff's request for relief.

It is our conclusion that there is only one issue
raised herein, *viz.,* did the procedures leading to
the forfeiture of the prisoner-plaintiff's accumu-
lated good time in 1966 violate constitutional due

process requirements and therefore require restoration of his forfeited good time?

Both parties agree that the procedure leading to the 1966 forfeiture action did not comply with the due process requirements recently announced in *Wolff v McDonnell,* 418 US 539; 94 S Ct 2963; 41 L Ed 2d 935 (1974). The real argument in the present case is whether *Wolff* requires the restoration of good time forfeited in 1966, *i.e.,* is that decision retroactive? It would appear that the decision in *Wolff v McDonnell, supra,* would be dispositive of this issue herein. The Court wrote, at 418 US 573, 574; 94 S Ct 2983; 41 L Ed 2d 961:

"The Court of Appeals held that the due process requirements in prison disciplinary proceedings were to apply retroactively so as to require that prison records containing determinations of misconduct, not in accord with required procedures, be expunged. We disagree and reverse on this point.

"The question of retroactivity of new procedural rules affecting inquiries into infractions of prison discipline is effectively foreclosed by this Court's ruling in *Morrissey [v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972)] that the due process requirements there announced were to be 'applicable to *future* revocations of parole,' 408 US, at 490 [92 S Ct at 2604; 33 L Ed 2d at 499] (emphasis supplied). Despite the fact that procedures are related to the integrity of the factfinding process, in the context of disciplinary proceedings, where less is generally at stake for an individual than at a criminal trial, great weight should be given to the significant impact a retroactivity ruling would have on the administration of all prisons in the country, and the reliance prison officials placed, in good faith, on prior law not requiring such procedures. During 1973, the Federal Government alone conducted 19,000 misconduct hearings, as compared with 1,173 parole revocation hearings, and 2,023 probation revocation hearings. If *Morrissey-Scarpelli [Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973)] rules are not retroac-

tive out of consideration for the burden of federal and state officials, this case is *a fortiori.* We also note that a contrary holding would be very troublesome for the parole system since performance in prison is often a relevant criterion for parole. On the whole, we do not think that error was so pervasive in the system under the old procedures as to warrant this cost or result."

In any event, in the very recent case of *Cox v Cook,* 420 US 734, 736; 95 S Ct 1237, 1238; 43 L Ed 2d 587, 590 (1975), it was ruled specifically that *Wolff v McDonnell* was not to be applied retroactively. The Court wrote:

"In *Wolff v McDonnell, supra,* we held that a state prisoner was entitled under the Due Process Clause of the Fourteenth Amendment to notice and some kind of a hearing in connection with discipline determinations involving serious misconduct. However, we expressly rejected the holding of the Court of Appeals in that case that

" 'the due process requirements in prison disciplinary proceedings were to apply retroactively so as to require that prison records containing determinations of misconduct, not in accord with required procedures, be expunged,' *id.,* at 573; 41 L Ed 2d 935; and we expressly held our decision not to be retroactive. The holding was made in the context of a request for expungement of the records of prison discipline determinations."

Inasmuch as *Wolff* is to be prospective in effect, the requirements therein delineated shall be applicable to forfeiture of good time hearings before our parole board in this state, after the date of decision in *Wolff.* Also see *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), *Shadbolt v Department of Corrections,* 386 Mich 232; 191 NW2d 344 (1971), *Hawkins v Parole Board,* 390 Mich 569; 213 NW2d 193 (1973), and *In the Matter of Litton,* 30 Mich App 281; 185 NW2d 910 (1971).

We rule that the action taken by the prison warden in 1966 in administratively forfeiting plaintiff's accumulated good time as a result of the plaintiff's conviction of a felony was under the law at that time perfectly proper.

The writ of mandamus is denied.