**Rudolph SWEET et al., Plaintiffs,**

**Eddie Rhyne et al., Plaintiffs-Appellants,**

v.

**Robert E. CHILDS, etc., et al., etc., Defendants-Appellees.**

No. 73–3842.

United States Court of Appeals, Fifth Circuit.

Aug. 28, 1975.

Kent Spriggs, Tallahassee, Fla., Nathaniel R. Jones, James I. Meyerson, New York City, for plaintiffs-appellants.

William H. Jeffress, Jr., R. Stephen Browning, Washington, D. C., amicus curiae.

Joseph A. Sheffield, Marianna, Fla., Charles E. Miner, Jr., Gen. Counsel, State of Fla., Board of Education, Gene T. Sellers, Counsel, Tallahassee, Fla., for Fla. State Board of Ed.

## ON PETITION FOR REHEARING

(Opinion January 31, 1975, 5 Cir., 1975, 507 F.2d 675)

Before BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.

PER CURIAM:

Appellants contend in their petition for rehearing that our resolution of their claims is inconsistent with *Goss v. Lopez,* 1975, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725.[1] This contention is particularly apt with respect to the students who were suspended by radio announcement after they had left school. We held that they had not been deprived of due process of law despite the lack of presuspension hearings.

In *Goss,* the Court affirmed a three-judge district court's partial invalidation of an Ohio statute which permitted a public school principal to suspend a student for up to ten days without notice and hearing prior to the suspension. The Court stated:

> Students facing temporary suspension have interests qualifying for protection of the Due Process Clause, and due process requires, in connection with a suspension of 10 days or less, that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side

1. *Goss* was decided on January 22, 1975. Our opinion was in the process of being issued on that date although the process was not completed until January 31, 1975.

of the story. The clause requires at least these rudimentary precautions against unfair or mistaken findings of misconduct and arbitrary exclusion from school. 419 U.S. at 581, 95 S.Ct. at 740, 42 L.Ed.2d at 739.

Having studied our holding in light of *Goss,* we conclude that appellants' allegation of inconsistency is without merit. The Court qualified its holding, quoted *supra,* in the following terms:

> We agree . . . that there are recurring situations in which prior notice and hearing cannot be insisted upon. Students whose presence poses a continuing danger to persons or property or an ongoing threat of disrupting the academic process may be immediately removed from school. In such cases, the necessary notice and rudimentary hearing should follow as soon as practicable . . . . 419 U.S. at 582, 95 S.Ct. at 740, 42 L.Ed.2d at 739.

The Court then proceeded to deny that it was requiring "even truncated trial type procedures" because of the possibility that they might "overwhelm administrative facilities in many places and, by diverting resources, cost more than [they] would save in educational effectiveness." 419 U.S. at 583, 95 S.Ct. at 740, 42 L.Ed.2d at 740. The court concluded by requiring "at least an informal give-and-take between student and disciplinarian, preferably prior to the suspension." *Id.*

The procedural protections afforded appellants by Marianna high officials seem clearly to be within the guidelines enunciated by the Supreme Court in *Goss.* On the Thursday that appellants were suspended, there was more than an "ongoing threat of disrupting the academic process" because the academic process had already been significantly disturbed when the appellants left the school grounds. There was no opportunity for hearings that day because the students did not return to school, choosing rather to march to the Marianna school superintendent's office. They were then suspended by radio that afternoon. Beginning the following Monday, post-suspension conferences were held with each student and his or her parents, leading to the reinstatement of all suspended students, some immediately and all before the end of the ten-day period of suspension.

We stand by our conclusion that, under these circumstances, no violation of procedural due process took place. Nor do we read *Goss* as holding to the contrary. The post-suspension student-parent conferences sufficed as informal "give-and-take" sessions in which the students could air their views as to the events leading up to the suspensions.

We pretermit decision as to whether the requirements of *Goss* are to be applied retroactively. On the question of retroactivity of "new procedural rules," cf. *Wolff v. McDonnell,* 1974, 418 U.S. 539, 573, 94 S.Ct. 2963, 41 L.Ed.2d 935, 961. *See also Cox v. Cook,* 1975, 420 U.S. 734, 95 S.Ct. 1237, 43 L.Ed.2d 587, 590; *Leonard v. Mississippi State Probation and Parole Board,* 5 Cir., 1975, 509 F.2d 820, 824–25.

Appellants' other arguments on petition for rehearing are without merit.

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby

Denied.

JOHN R. BROWN, Chief Judge (concurring):

I concur fully, subject only in so far as pertinent to my initial partial concurring-dissenting opinion in our original decision.