Bennie E. **DEMPS**, Plaintiff-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, et al., Defendants-Appellees.

No. 75–1611
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 29, 1975.

---

* Rule 18, 5 Cir. See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Bennie E. Demps, pro se.

Robert L. Shevin, Atty. Gen., Miami, Fla., Thomas A. Harris, Asst. Atty. Gen., Dept. of Legal Affairs, Civil Div., Donna H. Stinson, Asst. Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

The district court dismissed without a hearing the *pro se* complaint of Bennie E. Demps, a prisoner of the State of Florida, wherein he sought declaratory and injunctive relief, and return of or compensation for property which he lost. The court below held that plaintiff's claims were not actionable under the Civil Rights Act, 42 U.S.C.A. § 1981 et seq. We reverse and remand for further proceedings.

The complaint alleges that on September 18, 1974, Demps was summarily transferred from his cell on S–Wing to a cell on Q–Wing, a punishment and psychiatric wing of the Florida State Prison at Starke. Demps' request that he be allowed to pack up his personal property was refused. He was told that he was not being transferred because of any violation of prison rules and regulations. He claims that he was not afforded a hearing before he was transferred and argues that since he had committed no violation of prison rules and regulations and since there was no riot or disturbance occurring at the prison, his transfer was arbitrary and capricious. In addition, Demps claims that when his property was brought to him the next day, he discovered that several items worth $426.50, including books and jewelry, were missing.

Demps' complaint, supported by numerous affidavits of other inmates, alleges deprivation of his constitutional rights on basically three grounds: (1) that the transfer itself was unconstitutional because he was afforded no hearing; (2) that conditions in the cell to which he was transferred amounted to cruel and unusual punishment; and (3) that when he was transferred some of his personal property was either lost or stolen.

In *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Supreme Court held that a prisoner's *pro se* civil rights complaint, seeking damages for claimed physical injuries and deprivation of rights in imposing disciplinary confinement, should not have been dismissed without affording him the opportunity to present evidence of his claims:

Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." [citations omitted].

*Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Recently this Court has emphasized that the district court be "sensitive to the problems of the *pro se* plaintiff in civil rights actions and not to be too quick to dismiss for failure to state a technical cause of action." *Gamble v. Estelle,* 516 F.2d 937, 940 (5th Cir. 1975).

■ In this case, the district court held that "[f]rom the face of the complaint it is obvious that this action is not the proper subject of a civil rights complaint." After examining Demps' *pro se* complaint, however, we cannot say that it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. at 521, 92 S.Ct. at 596.

■ The United States Supreme Court has indicated that we are required to recognize prisoner civil rights suits against prison officials for loss of property. *Weddle v. Director, Patuxent Institution,* 405 U.S. 1036, 92 S.Ct. 1318, 31 L.Ed.2d 577 (1972), *vacating and remanding* 436 F.2d 342 (4th Cir. 1970), for further consideration in light of *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972) (prisoner sought return of property worth $3.52). Our Court has so held. *Carter v. Estelle,* 519 F.2d 1136 (5th Cir. 1975), and cases cited therein.

The acts complained of occurred after *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) was decided, and therefore the *Wolff* due process standards for prison disciplinary proceedings are applicable. *See Cox v. Cook,* 420 U.S. 734, 95 S.Ct. 1237, 43 L.Ed.2d 587 (1975).

■ This Court recently held that a prisoner's petition for release from an onerous type of confinement is in the nature of habeas corpus and thus the district court has power to grant relief in an appropriate case. *Krist v. Ricketts,* 504 F.2d 887 (5th Cir. 1974), and cases cited therein.

Without expressing any view as to the probable merit of any of plaintiff's claims, or the procedure that the district court should follow in considering them, we reverse the order of dismissal and remand with directions to reinstate the complaint and conduct such further proceedings as may be necessary in light of the cases cited herein and other relevant authority. *See Gamble v. Estelle,* 516 F.2d 937 (5th Cir. 1975).

Reversed and remanded.