Leavy CAMPBELL, Plaintiff-Appellant,

v.

Robert M. COUSINS, Warden, Ellis Unit, Texas Dept. of Corrections, Defendant-Appellee.

No. 74–3459.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1975.

Rehearing Denied Jan. 12, 1976.

———

David T. Harvin, Houston, Tex. (Court-appointed, not under act), for plaintiff-appellant.

John L. Hill, Atty. Gen., Austin, Tex., Calvin Botley, Asst. Atty. Gen., Houston, Tex., for defendant-appellee.

Before BROWN, Chief Judge, TUTTLE and RONEY, Circuit Judges.

PER CURIAM:

Appellant Campbell, a Texas prisoner, sued his warden for damages and injunctive relief under 42 U.S.C.A. § 1983, alleging that he was unlawfully beaten by prison guards, and that he was sentenced to solitary confinement, loss of good time and reduction in class without a fair hearing. After a trial with court-appointed counsel for the plaintiff prisoner, the district court rendered findings of fact and conclusions of law to the effect that first, Campbell had not been beaten as alleged in his complaint, but that, even if force had been used, it was reasonably necessary under the circumstances, and second, Campbell had not been denied due process in connection with the two disciplinary hearings in question. We affirm.

The district court's findings on the alleged beating are insulated against appellate attack unless "clearly erroneous." F.R.Civ.P. 52(a). The event in issue occurred during a work detail in a prison field. Although the testimony was conflicting, there was sufficient evidence to support the defendant's theory that when the prisoner refused to return to his work assignment, two guards on horseback used their mounts and their bridle reins to force defendant to obey their orders. The court's finding that any force used was only that reasonably calculated to control a potentially dan-

gerous prison situation withstands the "clearly erroneous" test. Such facts fail to reflect a violation of plaintiff's civil rights required to sustain a § 1983 action.

 The due process allegations emanate from two prison disciplinary hearings in 1972. One stemmed from the work field incident, the other from a disturbance plaintiff caused while in solitary confinement. He now asserts that he was deprived of an adequate hearing, the right to be heard and present witnesses, and an impartial hearing.

The Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), enunciated a panoply of procedural rights to be afforded prisoners in disciplinary proceedings, but refused to apply the holding retroactively as to the expungement of prior disciplinary records. Later in *Cox v. Cook*, 420 U.S. 734, 95 S.Ct. 1237, 43 L.Ed.2d 587 (1975), the Court held that *Wolff* should be applied only prospectively to monetary claims. Consequently, *Cox* forecloses the granting of any monetary relief for these 1972 hearings under the *Wolff* standards. *See also Willis v. Ciccone*, 506 F.2d 1011, 1017–1018 (8th Cir. 1974).

The case law in the circuits as to the procedures required in prison disciplinary proceedings prior to *Wolff* was, at best, confused and inconsistent. *See Wolff v. McDonnell, supra*, 418 U.S. at 572–573 n. 20, 94 S.Ct. 2963. We have been shown no prevailing Fifth Circuit law predating *Wolff*.

Because of the vagaries in the law prior to *Wolff*, it cannot now be said that the judge was incorrect in the refusal to grant plaintiff relief on his due process claims. Each disciplinary board had been convened according to then existing law, and there was evidence that plaintiff was able to participate in the proceedings, at least to a limited degree. Although the hearings would not satisfy present due process requirements, they did not contravene any settled conventions of due process existing prior to *Wolff* to the point necessary to support a damage claim under § 1983.

As to the claim for injunctive relief, we deem it unnecessary to consider to what extent the procedures failed to meet *Wolff* standards. We can assume that the Texas Prison System will follow the *Wolff* guidelines, and until proved otherwise, there is no need for equitable relief.

Finally, plaintiff's request for injunctive relief to restore his participation in the college study program is moot. In January 1974, plaintiff was re-enrolled in the program when he once again became eligible.

Affirmed.