**Gary Alan HENDRIX, Plaintiff,**

v.

**Gary McCUNE, Warden, Defendant.**

**Civ. A. No. 74–0114–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

July 8, 1977.

Michael W. Smith, Richmond, Va., for plaintiff.

W. George Metcalf, Asst. U. S. Atty., Richmond, Va., for defendant.

MEMORANDUM

MERHIGE, District Judge.

Plaintiff, an inmate at the Federal Reformatory at Petersburg, Virginia, brings this action alleging a denial of due process in a disciplinary proceeding occurring at the Petersburg Reformatory, which resulted in his being placed in segregated confinement for a period of time. Plaintiff seeks expungement of the disciplinary actions from his record, damages for his loss of pay during the period of punishment, and prospective injunctive relief. The defendant was the Warden at the Petersburg Reformatory at the time of the alleged due process viola-

tion. Jurisdiction is attained pursuant to 28 U.S.C. § 1361. The matter is before the Court on cross-motions for summary judgment and is ripe for disposition.

On January 7, 1974, plaintiff was brought before an institutional trial board, charged with refusing to obey an order of a prison staff member and being in an unauthorized area. In his defense, plaintiff asked to call two defense witnesses and to cross-examine his accuser. The proceedings were then recessed until January 9, 1974, at which time the plaintiff's requests were denied. Plaintiff was subsequently found guilty on the basis of a written report and sentenced to suspended segregation for 30 days. On January 25, 1974, plaintiff was again brought before a trial board and was charged with using abusive or obscene language. Plaintiff was convicted and sentenced to indeterminate segregation. On February 7, 1974, he was returned to his normal dormitory.

The disciplinary hearings complained of occurred prior to the Supreme Court's decision in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), but subsequent to the decision of this Court in *Landman v. Royster,* 333 F.Supp. 621 (E.D.Va.1971). Both cases set standards for the minimum procedures necessary to afford due process to prisoners in disciplinary hearings. Specifically, plaintiff alleges that he was denied the right of cross-examination of his accuser and the right to call witnesses in his own behalf. These rights were included within the standards set forth by this court in *Landman, supra,* but not within the standard set forth by the United States Supreme Court in *Wolff, supra.* The crux of the issue before the Court therefore is whether to apply the *Landman* or the *Wolff* standard to plaintiff's claims.

This very issue was expressly left open in *Cox v. Cook,* 420 U.S. 734, 95 S.Ct. 1237, 43 L.Ed.2d 587 (1975), wherein the Supreme Court reiterated the nonretroactivity of its decision in *Wolff,* and held that a state prisoner may not obtain relief for alleged due process violations based on rules requir-

ing notice and a hearing announced in *Wolff* and *Landman* if the discipline determinations in issue all occurred before dates of those decisions. The Supreme Court recognized that this Court in *Landman* had fortuitously anticipated in part its decision in *Wolff* and suggested that this "might bear on the retroactivity issue with respect to discipline determinations made in the Eastern District of Virginia after the decision in *Landman v. Royster, supra* and before the decision in *Wolff v. McDonnell, supra*" at 736, 95 S.Ct. at 1239. The discipline determinations of which plaintiff complains fall precisely within the *Landman-Wolff* hiatus.

The plaintiff contends that *Landman,* established a clear, well-settled right for prisoners in the Eastern District of Virginia to cross-examine their accusers and call witnesses in disciplinary hearings. Although these rights were not recognized as constitutionally required in *Wolff,* the nonretroactivity of that decision, it is argued, precludes retracting the more extensive rights in existence in this district for pre-*Wolff* disciplinary proceedings.

The Court's analysis of this issue must begin with the recognition that the area of judicially recognized prisoners' rights has been in a state of great flux for more than a decade. This Court's opinion in *Landman* did anticipate much of what the Supreme Court in *Wolff* held to be required as a matter of due process in prison disciplinary proceedings. However, the law in this area was far from being settled as of January 1974, the time when the incident of which the plaintiff complains occurred. Although the right to cross-examine an accuser and the right to call witnesses was specifically required in *Landman,* 333 F.Supp. at 653, this decision was binding only on the parties to that action. A district court opinion which has not stood the "acid test of appellate review" cannot be regarded as authoritative, although it may well be persuasive to other courts. *Bank of Marin v. England,* 352 F.2d 186, 189 (9th Cir. 1965). *See also Poole v. Stevens,* 190 F.Supp. 938 (D.C. Mich.1960).

With respect to plaintiff's claims for monetary damages, relief would be particularly inappropriate unless the defendant had acted "with such an impermissible motivation or with such disregard" for the plaintiff's clear established constitutional right "that his action cannot reasonably be characterized as being in good faith." *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). *See also Benfield v. Bounds,* 540 F.2d 670 (4th Cir. 1976).

Given both the nonbinding nature of the *Landman* decision on other courts and the rapidly evolving nature of the law existing at that time regarding constitutional rights afforded prisoners, the plaintiff cannot be said to have enjoyed the clearly established constitutional right to cross-examine his accuser and to call witnesses in his behalf as of January of 1974. That being so, the defendant is entitled to summary judgment.[1]

An appropriate order will issue.

---

1. Had the right asserted by the plaintiff been one which was recognized in both the *Landman* and the *Wolff decisions,* the result in this case might well be different with regard to plaintiff's claim for expungement of the disciplinary actions from his record. However, with regard to plaintiff's claim for monetary damages, the result obtained would be the same absent a showing of a bad faith on the part of the defendant.