**Douglas Laverne ADAMS,**
**Plaintiff-Appellant,**

v.

**David BRIERTON, et al.,**
**Defendants-Appellees.**

No. 84–3086.
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 4, 1985.

---

Shirley A. Walker, Asst. Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before VANCE, HENDERSON and CLARK, Circuit Judges.

PER CURIAM:

Douglas Laverne Adams, an inmate of the Florida State Prison, filed this 42 U.S.C. § 1983 action alleging that his constitutional rights had been violated when he was placed in administrative confinement subsequent to his release from the psychiatric annex at Union Correctional Institution. Among other things, he alleged that he was assigned to administrative confinement on January 16, 1979 without a hearing and that his retention there violated his rights to due process.

This action is now in this court pursuant to the district court's grant of the appellees' motion for dismissal or for summary judgment on the ground that the prison officials were entitled to the qualified immunity defense as described in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Essentially, appellant Adams contends that the district court erred by: (1) holding that the defendants were entitled to a good faith immunity defense because of their lack of knowledge of procedural due process rights to which plaintiff was entitled at the time of the alleged violation of those rights; and, (2) dismissing the case without first developing a factual record necessary to support a finding that each defendant was entitled to the defense of qualified immunity. We affirm the decision of the district court.

I. *The Established Legal Standard in 1979*

It is widely recognized that, in a prison context, the "imposition of more burdensome conditions of confinement may constitute a grievous loss calling for procedural safeguards." *Diamond v. Thompson,* 364 F.Supp. 659, 664 (M.D.Ala.1974), *aff'd,* 523 F.2d 1201 (5th Cir.1975); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Adams v. Wainwright,* 512 F.Supp. 948 (N.D.Fla. 1981). The district court also properly recognized that "an inmate in Florida, when placed on administrative confinement, has certain due process rights." *Adams v. Brierton,* No. 79–126–Civ–J–B, slip op. at 2 (M.D.Fla.1983). However, we disagree with the district court's observation that "[t]he issue of due process in connection with administrative confinement did not arise in the federal courts until 1976." *Id.* at 3. On the contrary, the issue arose in 1973 in the case of *Sands v. Wainwright,* 357 F.Supp. 1062 (M.D.Fla.1973), *vacated on jurisdictional grounds,* 491 F.2d 417 (5th Cir.1973). In *Sands* the district court, in discussing what process is due and the particular private interest affected, mentioned that "[i]n the prison context ... confinement in punitive segregation is as loathsome and wretched as is legally permissible .... Administrative segregation is really only slightly different. And, a loss of gain time amounts to, in reality, an

extension of incarceration. This is the ... private interest affected." *Sands v. Wainwright,* 357 F.Supp. at 1082. The court then held:

> [T]hose conditions of human existence which accompany confinement in both disciplinary and administrative segregation and the loss of any type of gain time collectively and severally constitute grievous losses ... [and] these losses are of such a grievous nature that an inmate's interest in avoiding their unrightful imposition is such as to outweigh the governmental interest in summary adjudication .... Therefore, this Court further holds that, prior to the imposition of these grievous losses, there must be a hearing appropriate to the nature of the loss.

*Id.* at 1082. Also, in *Demps v. Wainwright,* 522 F.2d 192 (5th Cir.1975), we held that: "The acts complained of [transfer to a more restrictive confinement] occurred after *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) was decided, and therefore the *Wolff* due process standards for prison disciplinary proceedings are applicable." *Id.* at 194. Adams claims a loss of gain time because of his administrative confinement in the psychiatric annex at Union Correctional Institution in January 1979.[1] In light of the representation of Florida prison officials by the state's attorney general throughout the 1970's in cases involving prisoners' due process rights implicated in this case, we cannot say as a matter of law that the defendant prison officials could not have known in January, 1979, of the rights generally involved here.

 However, we affirm the decision of the district court. Adams was furnished medical treatment after complaining to the authorities at the Florida State Prison. He was, after treatment, assigned to the administrative unit at the institution. This was not a transfer for disciplinary reasons but rather was for the purpose of the continuing evaluation of his ailment. Since the prison had no medical facilities, it was the only place to put him. This decision was the result of a consultation between the doctors who had treated him and the prison psychiatrist. Under the particular facts of this case, the prison officials could not have known that they were violating "clearly established statutory or constitutional rights" of the inmate. Rather, they acted in good faith in confining him for further observation after talking with the attending physician at the hospital prison and thus are entitled to immunity from 42 U.S.C. § 1983 liability under the facts of this case.[2] Therefore, the decision of the district court is

AFFIRMED.

---

1. We think it is significant that Louie L. Wainwright, the State of Florida's Director of the Division of Corrections and the superior of the decision-making officials, was a party to the *Sands* case which was decided in 1973 and the *Demps* case decided in 1975. Thus, there is reason to believe that his subordinates—the decision-making officials—knew, or should have known, that prisoners have a constitutional right to a hearing prior to being placed on administrative confinement. *Harlow v. Fitzgerald,* 102 S.Ct. at 2739.

2. The holding in this case would not apply to a situation where the transfer is for disciplinary reasons. In that situation, for the reasons stated earlier in this opinion, the prison officials should have known of the procedural due process requirements.