Mr. G. Russell Petersen Attorney for Indian River County School Board 70 Royal Palm Boulevard Suite C Vero Beach, Florida 32960
Dear Mr. Petersen:
This is in response to your request for an opinion on substantially the following questions:
 1. DOES A JUVENILE CIVIL ADJUDICATION QUALIFY AS A FELONY WITHIN THE CONTEMPLATION OF s. 232.26(2), F.S.?
 2. IF A DISTRICT SCHOOL BOARD EXPELS A STUDENT PURSUANT TO s. 232.26(2), F.S., MUST THE BOARD RENDER ANY TYPE OF DUE PROCESS TO THE STUDENT PRIOR TO HIS EXPULSION?
 3. IS s. 232.26(2), F.S., APPLICABLE TO STUDENTS WHO COMMIT FELONIES ON SCHOOL PROPERTY?
Your questions are interrelated and shall be addressed together. Section 232.26(2), F.S., provides:
 Any pupil enrolled as a student who is formally charged with a felony by a proper prosecuting attorney for an incident which allegedly occurred on property other than public school property, but which incident is shown to have an adverse impact on the educational program, discipline, or welfare in the school in which the student is enrolled, shall (following an administrative hearing upon notice provided to the parents or parent or guardian of such pupil by the principal of the school pursuant to rules promulgated by the State Board of Education, if such suspension is recommended) be suspended from all classes of instruction until the determination of his guilt or innocence, or the dismissal of the charge, is made by a court of competent jurisdiction. If the pupil is adjudicated guilty of a felony, the district school board shall immediately expel him. Any pupil who is subject to discipline or expulsion for unlawful possession or use of any substance controlled under chapter 893 [Florida Comprehensive Drug Abuse Prevention and Control Act] may be entitled to a waiver of the discipline or expulsion if he divulges information leading to the arrest and conviction of the person who supplied such controlled substance to him, or if he voluntarily discloses his unlawful possession of such controlled substance prior to his arrest. Any information divulged which leads to such arrest and conviction is not admissible in evidence in a subsequent criminal trial against the pupil divulging such information. (e.s.)
And see, s. 232.26(3), F.S., which provides that any student who is subject to discipline or expulsion for the unlawful possession or use of any substance controlled under Ch. 893, F.S., may receive a waiver of the discipline or expulsion if the student either commits himself, or is referred by the court in lieu of sentence, to a state-licensed drug abuse program and successfully completes such program.
Thus, s. 232.26(2), F.S., provides for the discipline of any pupil enrolled as a student who is formally charged with the commission of a felony by a proper prosecuting attorney for an incident which occurred on other than school property. The incident must be shown to have "an adverse impact on the educational program, discipline, or welfare in the school in which the student is enrolled." Thereupon, having provided notice to the parents or parent or guardian of such pupil, the principal shall conduct an administrative hearing to determine whether the student should be suspended pending the determination of his guilt or innocence, or the dismissal of the charge by a court of competent jurisdiction. Cf., Rule 6A-1.0956, F.A.C. If the pupil is adjudicated guilty, the statute mandates the expulsion of the pupil by the school board.
Part II of Ch. 39, F.S., governs delinquency cases in proceedings relating to juveniles. See, s. 39.01(8), F.S. (1986 Supp.), defining a "[c]hild who has committed a delinquent act" to mean "a child who, pursuant to the provisions of this chapter, is found by a court to have committed a felony . . . and whose case has not been prosecuted as an adult case. . . ." Except for use in a subsequent proceeding under Ch. 39, an adjudication by a court that a child has committed a delinquent act may not be deemed a conviction, nor shall the child be deemed to have been found guilty or to be a criminal by reason of such adjudication. Section 39.10(4), F.S. Further, such adjudication may not operate to impose upon the child any of the civil disabilities which are ordinarily imposed by or resulting from conviction. Id. See generally, s. 39.10, F.S.; s. 39.11, F.S. (1986 Supp.); 25 Fla.Jur.2d Family Law s. 280. It is the declared purpose of Ch. 39 to, inter alia, "protect society more effectively by substituting for retributive punishment, whenever possible, methods of offender rehabilitation and rehabilitative restitution, recognizing that the application of sanctions which are consistent with the seriousness of the offense is appropriate in all cases." (e.s.) Section 39.001(2)(a), F.S. See also, ss. 39.02(5); 39.04; 39.09; 39.111, F.S. (1986 Supp.), discussing procedures for transferring the child for criminal prosecution and trying the child as an adult.
Based upon the foregoing and in light of the provisions of s. 39.10(4), F.S., providing, inter alia, that adjudication by a court that a child has committed a delinquent act shall not be deemed a conviction, nor that such adjudication operates to impose upon the child any of the civil disabilities ordinarily imposed by or resulting from conviction, I am unable to conclude that an adjudication by a court that a child has committed a delinquent act under Ch. 39, F.S., is equivalent to an adjudication of a felony or sufficient to trigger the expulsion mechanism of s. 232.26(2), F.S. Other sections of Florida law are available for application in instances of student misconduct and discipline. See, e.g., s. 231.085, F.S.; s. 232.27, F.S., pertaining respectively to the authority of principals and teachers with respect to corporal punishment and student discipline; s. 230.23(6)(c), F.S. (1986 Supp.), authorizing the school board to adopt rules and regulations for the control, discipline, suspension, and expulsion of pupils and to decide all cases recommended for expulsion. Cf., s. 230.33(8)(c), F.S. And see, s. 230.23(6)(d), F.S. (1986 Supp.), authorizing the school board to distribute a code of student conduct, based upon the rules governing student conduct and discipline adopted by the school board, to all teachers, school personnel, students, and parents or guardians. See also, s. 230.23(6)(d)4., F.S. (1986 Supp.) (possession or sale of controlled substances or weapons by student upon school property or at school function is grounds for expulsion); s. 232.26(1)(b) and (c), F.S. (discussing the authority of the principal to suspend or recommend the expulsion of students).
It is a longstanding rule of statutory construction that where statutory language is clear and unambiguous, the statute must be accorded its plain and obvious meaning. See, McDonald v. Roland65 So.2d 12 (Fla. 1953); Fixel v. Clevenger, 285 So.2d 687 (3 D.C.A.Fla., 1973); Graham v. State, 362 So.2d 924 (Fla. 1978); Holly v. Auld, 450 So.2d 217 (Fla. 1984). Although s. 232.26(2), F.S., mandates notice and a hearing to determine whether a student shall be suspended while his felony charge is pending, upon such student's adjudication of guilt, the district school board must immediately expel him. Due process requires notice to be given and a hearing to be held generally prior to the suspension of a student for a substantial period of time. See, Sweet v. Childs,507 F.2d 675 (5th Cir. 1975), pet for reh. den., 518 F.2d 320 (5th Cir. 1975), respectively citing Dixon v. Alabama State Board of Education, 294 F.2d 150 (5th Cir. 1961), and Goss v. Lopez,419 U.S. 565 (1975); Black Students of North Fort Myers Jr.-Sr. High School v. Williams, 470 F.2d 957 (5th Cir. 1972) (ten day suspension is suspension for substantial period of time). But see, Williams v. Dade County School Board, 441 F.2d 299 (5th Cir. 1971), wherein the court held that a board of education regulation authorizing the superintendent of schools to give a 30 day suspension in addition to the principal's 10 day suspension, without the benefit of a hearing, was invalid as a denial of due process. Although appellant's parents conferred with the principal shortly after his 10 day suspension had been imposed, the court held that "this informal meeting was called not to weigh objectively the facts and reach a fair decision, but to explain to the parents the decision that had already been reached." Id. at 300. No hearing in which appellant had the opportunity to be given specific notice of the charges and to refute those charges was held before the imposition of either the 10 day suspension or the subsequent 30 day additional suspension. And see, Lee v. Macon County Board of Education, 490 F.2d 458 (5th Cir. 1974) (formalistic acceptance or ratification by school board, in student disciplinary hearing, of principal's request or recommendation of permanent expulsion without independent board consideration is less than full due process).
My research, however, has not revealed any judicial decisions which would mandate a subsequent hearing for a student's expulsion following his/her conviction of felony for the incident giving rise to the initial due process hearing. Section 232.26(2), F.S., itself, makes no provisions for any type of further due process procedure. Rather, the statute directs that the district school board must expel the student upon the occurrence of the events described therein. See, A.B.A. Industries, Inc. v. City of Pinellas Park, 366 So.2d 761, 763 (Fla. 1979) (statutes are presumptively valid and constitutional, and must be given effect if possible); State v. McDonald, 357 So.2d 405 (Fla. 1978); State v. Kinner, 398 So.2d 1360 (Fla. 1981); AGO's 75-3; 83-97. In addition, s. 232.26, F.S., clearly states that the incident giving rise to the felony charge must have allegedly occurred on "property other than public school property." This office has no authority to supply additional words to or modify the meaning of a duly enacted statute. Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209 (Fla. 1974) (in construing statute, court cannot invoke limitation or add words to statute not placed there by Legislature); AGO's 86-32; 82-20.
Accordingly, it is my opinion that an adjudication by a court that a child has committed a delinquent act is not sufficient to warrant the expulsion of the student pursuant to s. 232.26(2), F.S. Moreover, s. 232.26(2), F.S., is not applicable to students who commit felonies on school property. If, however, a student who is formally charged with a felony by a prosecuting attorney for an incident which allegedly occurred on property other than public school property but having an adverse impact upon the educational program, discipline, or welfare in the school in which the student is enrolled, and who is suspended after having been accorded the administrative hearing upon notice provided by the principal pursuant to s. 232.26(2), F.S., is adjudicated guilty, such student may be expelled with no further due process procedures, unless the student is entitled to the waiver provisions of s. 232.26.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
John Rosner Assistant Attorney General